**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SAMUEL MALDONADO,**

    **Plaintiff,**

vs.                             **CASE NO.: 4:22-CV-00162-MW-MAF**

**NEW YORK STATE
PAROLE COMMUNITY
SUPERVISION,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se*, filed a "Petition for Writ of Mandamus and/or Writ of H[e]beas Corpus Ad Prosequendum . . . invok[ing] the procedure of Interstate Agreement for resolution of outstanding N.Y.C. parole charges." ECF No. 1. Plaintiff did not pay the $402 filing fee and did not file a motion to proceed *in forma pauperis.* Plaintiff's petition is unverified under the penalty of perjury. Id. The petition has now been reviewed as required by 28 U.S.C. § 1915A. For the reasons stated, this case should be transferred to the Southern District of New York.

**I.   Plaintiff's Petition, ECF No. 1**

Plaintiff sues the "New York State Parole Community Supervision." ECF No. 1, p. 1. Plaintiff relies on the "Interstate Agreement of Detainer" in

his petition seeking a court order to transport him to New York City to answer an outstanding state warrant (#755696). The petition appears to be a hodgepodge of documents. Id. The first two pages are handwritten. Plaintiff attached two pages of a document outlining Article III of the Interstate Agreement of Detainer. Id., pp. 3-4. Plaintiff crossed out certain words of a document which may or may not belong to him and substituted words for his benefit. Id., pp. 4-5. Plaintiff also inserted a page from his "Motion for Speedy Trial upon Demand and Request for Order of Transport" under Florida law. Id., p. 7. Pursuant to Fed. R. Evid. R. 201, the Court takes judicial notice of Plaintiff's federal criminal case in the Middle District of Florida. See M.D. Fla. Case No. 3:17-cr-00179-TJC-PDB, ECF No. 42, p. 7. The "motion for speedy trial" filed in the federal criminal case was stricken because Plaintiff was represented by counsel. Id., ECF No. 44.

On April 7, 2022, just four days before filing the instant petition, Plaintiff was sentenced to 70 months in prison for failure to register as a sex offender. Id., ECF No. 150. The trial court recommended, in its final judgment, that Plaintiff be incarcerated as close to New York City as possible. Id. There is no indication Plaintiff is at risk of physical harm or in any imminent danger.

## II.   Plaintiff's Case Should be Transferred to the District of New Jersey

Currently, Plaintiff is in the custody of the Bureau of Prisons. Although when he filed the instant petition Plaintiff was housed at FDC Tallahassee, according to the Bureau of Prisons' Online Inmate Locator, Plaintiff is now at FCI Fairton in Fairton, New Jersey. However, the defendant is in New York City; and the events supporting the outstanding warrant occurred in New York City. There is no "New York State, Parole Community Supervision" but there is the New York State Department of Corrections and Community Supervision. This agency is located at 314 W. 40th Street, New York, NY 10018, which is within New York County.

Venue for federal lawsuits is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; . . .

Venue appears to be appropriate in the Southern District of New York because neither party is located in the State of Florida; and the defendant is in New York City and the events occurred there. See 28 U.S.C. § 110(b).

Case No.: 4:21-CV-00162-MW-MAF

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue *sua sponte* but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010). Justice is better served by transferring this case to the appropriate forum rather than dismissing it. No hearing is necessary prior to directing the transfer of a case.

### III.  Conclusion and Recommendation

For the reasons stated, and pursuant to 28 U.S.C. 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Southern District of New York for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 2, 2022.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

Case No.: 4:21-CV-00162-MW-MAF

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).